**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------------------X

DEVON MORGAN,

                        Plaintiff,

   -against-

WAL-MART ASSOCIATES, INC.; WALMART INC.; WAL-MART STORES EAST, INC.; WAL-MART STORES EAST, LP, RHAKIRAI KNOWLES, GIOVANNI AMBRISIO, TIFFANY WILLIAMS, VADIS BROWN, LULU [LAST NAME UNKNOWN], and EDGAR [LAST NAME UNKNOWN],

                        Defendants.
---------------------------------------------------------------------X

Civil Case No:

**COMPLAINT**

Plaintiff Demands a Trial by Jury

Plaintiff DEVON MORGAN by and through his attorneys DEREK SMITH LAW GROUP, PLLC, hereby complains of Defendants WAL- WAL-MART ASSOCIATES, INC.; WALMART INC.; WAL-MART STORES EAST, INC.; WAL-MART STORES EAST, LP, RHAKIRAI KNOWLES, GIOVANNI AMBRISIO, TIFFANY WILLIAMS, VADIS BROWN, LULU [LAST NAME UNKNOWN], and EDGAR [LAST NAME UNKNOWN], (collectively referred to as "Defendants,") upon information and belief as follows:

**NATURE OF CASE**

Plaintiff, DEVON MORGAN complains pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub. L. No. 102-166 ("Title VII"), the Administrative Code of the City of New York and the laws of the State of New York, based upon the supplemental jurisdiction of this Court pursuant to *United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966), and 28 U.S.C. §1367,

1

seeking declaratory relief and damages to redress the injuries Plaintiff has suffered as a result of, *inter alia*, sex/gender discrimination, sexual orientation discrimination, hostile work environment, retaliation, and constructive termination by Defendants.

## JURISDICTION AND VENUE

1. Jurisdiction of this action is conferred upon this Court as this case involves a Federal Question under Title VII.  The Court also has jurisdiction pursuant to 29 U.S.C. §2617; 28 U.S.C. §1331, §1343 and pendent jurisdiction thereto.

2. Additionally, the Court has supplemental jurisdiction under the State and City laws of New York.

3. Around October 22, 2020, Plaintiff DEVON MORGAN submitted a Charge of Discrimination to the U.S. Equal Employment Opportunity Commission ("EEOC").   The federal charge number is 520-2021-00306.

4. Around April 26, 2021, Plaintiff DEVON MORGAN received a Right to Sue Letter from the EEOC for federal charge number 520-2021-00306.

5. Plaintiff satisfied all administrative prerequisites and is filing this case within the applicable Statute of Limitations.

6. Venue is proper in this court, as the events giving rise to this action arose in Nassau County, within the Eastern District of New York.

## PARTIES

7. Plaintiff is a homosexual male resident of the State of New York, County of Queens.

8. At all times material, WALMART INC. (hereinafter referred to as "Walmart Inc.") is a foreign business corporation duly existing by the virtue and laws of the State of New York that does business in the State of New York.

9. At all times material, WAL-MART ASSOCIATES, INC. (hereinafter referred to as "Walmart Associates") is a foreign business corporation duly existing by the virtue and laws of the State of New York that does business in the State of New York.

10. At all times material, WAL-MART STORES EAST, INC. (hereinafter referred to as "Walmart Stores East") is a foreign business corporation duly existing by the virtue and laws of the State of New York that does business in the State of New York.

11. At all times material, and WAL-MART STORES EAST, LP (hereinafter referred to as "Walmart Stores East LP") is a foreign business corporation duly existing by the virtue and laws of the State of New York that does business in the State of New York.

12. At all times material, Defendants Walmart Inc., Walmart Associates, Walmart Stores East, and Walmart Stores East LP were joint employers of Plaintiff (hereinafter collectively referred to as "Walmart").

13. At all times material, Rhakirai Knowles (hereinafter referred to as "Knowles") was and is an Assistant Store Manager at Walmart. Knowles held supervisory authority, controlling many of Plaintiff's job duties. Knowles held the power to hire and fire Plaintiff.

14. At all times material, Giovanni Ambrisio (hereinafter referred to as "Ambrisio") was and is an Assistant Store Manager at Walmart. Ambrisio held supervisory authority, controlling many of Plaintiff's job duties. Ambrisio held the power to hire and fire Plaintiff.

15. At all times material, Tiffany Williams (hereinafter referred to as "Williams") was and is a Department Manager at Walmart. Williams held supervisory authority, controlling many of Plaintiff's job duties. Williams held the power to hire and fire Plaintiff.

16. At all times material, Vadis Brown (hereinafter referred to as "Brown") was and is an Assistant Store Manager at Walmart. Brown held supervisory authority, controlling many of Plaintiff's job duties. Brown held the power to hire and fire Plaintiff.

17. At all times material, Lulu [Last Name Unknown] (hereinafter referred to as "Lulu") was and is a Support Manager at Walmart. Lulu held supervisory authority, controlling many of Plaintiff's job duties. Lulu held the power to hire and fire Plaintiff.

18. At all times material, Edgar [Last Name Unknown] (hereinafter referred to as "Edgar") was and is an Assistant Store Manager at Walmart. Edgar held supervisory authority, controlling many of Plaintiff's job duties. Edgar held the power to hire and fire Plaintiff.

## STATEMENT OF FACT

19. Around July 10, 2019, Walmart hired Plaintiff as an Overnight Fresh Cleaner Associate.

20. Around August 31, 2019, Walmart's Maintenance Associate Terry [Last Name Unknown] told Plaintiff that she heard a number of other associates call Plaintiff a "BATTY BWOY" and a "FAGGOT." She also told Plaintiff that she heard these associates state that Plaintiff "WANTED TO BE A GIRL." Finally, Walmart's Maintenance Associate Terry [Last Name Unknown] warned Plaintiff that she heard these associates state that they would "FUCK [PLAINTIFF] UP" for being a "FAGGOT."

21. Around early October 2019 and continuing through May 2020, Walmart's Overnight Fresh Cleaner Associate Causewayne Williams often called Plaintiff homophobic terms including "FAGGOT" and "BATTY BWOY" on the sales floor.

4

22. In addition to these discriminatory comments, Walmart's Overnight Fresh Cleaner Associate Williams often deliberately played homophobic dancehall songs on repeat almost every night that Plaintiff had to work.

23. These homophobic songs promoted violence against gay people through their song lyrics. Songs, such as "Boom Bye Bye," which openly calls for the murder and torture of gay men was often played on the loudspeakers while Plaintiff had to work.

24. Around October 28, 2019, an unidentified Walmart employee called Plaintiff a "FAGGOT" as he was preparing the Walmart Associate Appreciation Breakfast.

25. Around November 14, 2019, Walmart's Overnight Fresh Cleaner Associate Tricia Cherry told Plaintiff to "SUCK YOUR MOTHER" and called Plaintiff a "FAGGOT MOTHER FUCKER."

26. Immediately afterwards, Plaintiff complained to Walmart's Assistant Store Manager Rhakirai Knowles that Walmart's Overnight Fresh Cleaner Associates Williams and Cherry were creating a hostile work environment and discriminating against him due to his sex, gender, and sexual orientation.

27. However, Walmart failed to take any reasonable or immediate action to help combat the hostile work environment. In fact, the situation at work only began to get worse.

28. Around November 15, 2019, Walmart's Overnight Fresh Cleaner Associate Williams again called Plaintiff a "BATTY BWOY" and FAGGOT" while he played homophobic dancehall songs on repeat.

29. Afterwards, Plaintiff complained to Walmart's Support Manager Lulu [Last Name Unknown] that Walmart's Overnight Fresh Cleaner Associate Williams was creating a hostile work environment and discriminating against him due to his sex, gender, and sexual orientation by playing homophobic dancehall songs on repeat almost every time Plaintiff had to work.

5

30. In response, Walmart's Support Manager Lulu told Plaintiff, ""ITS JUST A SONG," "THIS IS HOW THEY ARE," and "THEY DON'T HAVE TO ACCEPT [YOU]."

31. Thereafter, Plaintiff submitted a report to Walmart Ethics to complain about the egregious hostile work environment and discrimination he was suffering from the past few weeks.

32. Unfortunately, Walmart again failed to take any reasonable or immediate action to help combat the hostile work environment Plaintiff was forced to endure.

33. Around December 8, 2019, Plaintiff met with Walmart's Assistant Managers Giovanni Ambrisio and Knowles to discuss his repeated complaints of discrimination.

34. At that meeting, Walmart's Assistant Manager Ambrisio told Plaintiff that Walmart's Overnight Fresh Cleaner Associate Williams had been with Walmart for a long time and also praised his character at length.

35. Afterwards, Walmart's Assistant Manager Ambrisio suggested that Plaintiff's offense may be related to issues he was going through with his personal life without knowing anything about Plaintiff's personal life.

36. Further, Walmart's Assistant Manager Ambrisio compared the discriminatory comments made to Plaintiff to the "fat jokes" that he often hears people make about himself which he does not find offensive.

37. Additionally, Walmart's Assistant Manager Ambrisio acknowledged that Walmart's Overnight Fresh Cleaner Associate Williams made comments to other gay employees in the past. However, none of them found the comments offensive.

38. Finally, Walmart's Assistant Manager Ambrisio told Plaintiff that moving forward Plaintiff should speak directly with him rather than complaining to Walmart Ethics. Thus, Walmart again failed to

6

take any reasonable or immediate action to help combat the hostile work environment Plaintiff was forced to endure.

39. Around January 10 2020, Walmart's Overnight Fresh Cleaner Associate Malique Brissett kicked Plaintiff's pallet jack in an attempt to deliberately injure Plaintiff. After Plaintiff questioned why he kicked his pallet jack, Walmart's Overnight Fresh Cleaner Associate Brissett stated, "WHEN I SAY MOVE FAGGOT…MOVE."

40. Additionally, Walmart's Overnight Fresh Cleaner Associate Brissett physically threatened Plaintiff and told him "I'LL FUCK YOU UP" and to "MEET [HIM] OUTSIDE" at the end of his shift while continuing to call Plaintiff a "FAGGOT."

41. Walmart's Overnight Fresh Cleaner Associate Brissett made these derogatory remarks and threats on the sales floor in front of multiple employees.

42. In fact, Walmart's Support Manager Lulu and Department Manager Tiffany Williams needed to physically restrain Walmart's Overnight Fresh Cleaner Associate Brissett before Support Manager Lulu asked Plaintiff to walk away.

43. Thereafter, Plaintiff complained to Walmart's Assistant Manager Edgar [Last Name Unknown] and Walmart Ethics that Walmart's Overnight Fresh Cleaner Associate Brissett had called him a faggot and was creating a hostile work environment due to Plaintiff's sex, gender, and sexual orientation.

44. In response, Walmart's Assistant Manager Edgar [Last Name Unknown] told Plaintiff that he could not discipline Walmart's Overnight Fresh Cleaner Associate Brissett because then he would have "TO FIRE EVERY ASSOCIATE EVERY TIME THEY HAD AN ARGUMENT."

45. Thus, Walmart again failed to take any reasonable or immediate action to help combat the hostile work environment Plaintiff had been complaining about for the past few months.

46. Around January 21, 2020, Plaintiff texted Walmart's People Lead Stephanie [Last Name Unknown] to complain about the hostile work environment he was experiencing the past few months.

47. Around January 31, 2020, Walmart's Maintenance Associate Terry [Last Name Unknown] again told Plaintiff that she recently heard a number of other associates state that they would physically harm Plaintiff because of his sexual orientation.

48. Thereafter, Plaintiff reasonably feared for his physical safety and complained to Walmart's Assistant Manager Edgar [Last Name Unknown] and Walmart Ethics about the increasingly aggressive hostile work environment he was still experiencing

49. On February 10, 2020, Plaintiff met with Walmart's People Lead Stephanie Last Name Unknown] to discuss the ongoing hostile work environment and sexual orientation discrimination that he was suffering from for the past few months.

50. However, Walmart again failed to take any reasonable or immediate action to help combat the hostile work environment and discrimination.

51. Around February 25, 2020, Walmart's Department Manager Williams approached Plaintiff demanding to know if he had a problem with her. Plaintiff explained that he did not have a problem with her. In response, Walmart's Department Manager Williams proceeded to attack Plaintiff with a large glass bottle of olive oil, and some other objects within her reach. In fact, Walmart's Department Manager Williams had to be forcibly removed from the sales floor because she was so hostile towards Plaintiff.

52. Furthermore, this incident was witnessed by multiple employees including Assistant Managers Ambrisio and Knowles.

53. Immediately afterwards, Plaintiff submitted a report to Walmart Ethics and spoke with Walmart's General Store Manager Vadis Brown to complain that he had been physically attacked due to the increasing homophobic hostility he had been experiencing at work.

54. However, Walmart failed to take any reasonable or immediate action to help combat the hostile work environment and discrimination that Plaintiff was forced to endure.

55. Around February 26, 2020, Walmart's Overnight Fresh Cleaner Associate Williams told everyone in the breakroom, including Plaintiff, that his mother "ONCE BEAT THE SHIT OUT OF [HIS] BROTHER BECAUSE SHE THOUGHT HE WAS GAY."

56. Around May 7, 2020, Plaintiff met with Walmart's Store Manager Vadis Brown to discuss the ongoing hostile work environment and sexual orientation discrimination that he had been suffering from for the past few months.

57. However, Walmart again failed to take any reasonable or immediate action to help combat the hostile work environment and discrimination.

58. Around June 4, 2020, Plaintiff texted Walmart's Assistant Store Manager Knowles about the continued harassment that he was experiencing in direct retaliation for his previous complaints of hostile work environment and discrimination.

59. Around June 18, 2020, the security guard posted by the Walmart store entrance and Walmart Associates Christian Guzman and Elijah [Last Name Unknown] were banging on the bathroom door and harassing Plaintiff while he was inside. Plaintiff asked them why they were banging on the door while he was using the facilities. In response, the security guard told Plaintiff, "FAGGOT, DON'T ASK ME NO QUESTIONS." Afterwards, the security guard wagged his finger in Plaintiff's face and said, "YOU EVER ASK ME ANYTHING AGAIN AND I'M GOING TO SHOW YOU WHAT I AM GONNA DO."

60. Thereafter, Plaintiff complained to Walmart's Assistant Manager Mike [Last Name Unknown], Walmart's General Store Manager Vadis Brown, and Walmart's Assistant Store Manager Knowles about the incident. In response, Walmart's Assistant Store Manager Brown told Plaintiff that it was his fault that he kept experiencing these violent homophobic episodes. Walmart's Assistant Store Manager Brown and Walmart's Assistant Store Manager Knowles also told Plaintiff to be vigilant and to turn the other cheek by "walking away" whenever these homophobic attacks occurred.

61. Beginning around July 2020, Plaintiff's job duties started to increase significantly to include all areas of the store and not just the produce section. Furthermore, Plaintiff began to notice that he was scheduled for significantly less shifts that before. These adverse employment actions were in direct retaliation for Plaintiff's multiple complaints of sexual orientation discrimination and a hostile work environment.

62. Around August 20, 2020, an unknown Walmart employee related to Walmart's Department Manager Williams told Plaintiff, "ARE YOU TRYING TO BE RI RI?" In response, Plaintiff asked, "ARE YOU ASKING ME IF I WANT TO BE A WOMAN?" However, this Walmart employee simply laughed and walked away.

63. Around September 9, 2020, Plaintiff asked Walmart's Overnight Fresh Cleaner Associate Alton Bennet to kindly redirect his cart which was in his way. In response, Walmart's Overnight Fresh Cleaner Associate Bennet threatened Plaintiff and told him "LEAVE ME ALONE BEFORE I HURT YOU." This harassing conduct falls squarely within the overarching homophobic, hostile, and discriminating nature of Plaintiff's work environment.

64. Thereafter, Plaintiff complained to Walmart's Assistant Managers Mike [Last Name Unknown] and Knowles and submitted yet another report to Walmart Ethics.

65. Unfortunately, Walmart again failed to take any reasonable or immediate action to help combat the hostile work environment and discrimination.

66. Around September 24, 2020, Plaintiff hand delivered letter addressed to Walmart's Assistant Store Manager Brown and Walmart's Assistant Store Manager Knowles a letter indicating that he was forced to resign because of the "ONGOING DISCRIMINATION, HARASSMENT, AND VIOLENCE FROM THE OTHER ASSOCIATES."

67. Ultimately, Walmart constructively terminated Plaintiff due to sex discrimination, gender discrimination, and sexual orientation discrimination and because they refused to address or take any type of corrective action in response to Plaintiff's multiple complaints of unlawful sex/gender/sexual orientation discrimination.

68. As a result of Defendants' actions, Plaintiff felt extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

69. As a result of Defendants' discriminatory and intolerable treatment, Plaintiff suffered and continues to suffer severe emotional distress and physical ailments including extreme anxiety and severe depression.

70. As a result of Defendants' unlawful and discriminatory actions, Plaintiff became so physically and emotionally distressed that he is having difficulty eating and sleeping.

71. As a result of Defendants' unlawful and discriminatory actions, Plaintiff has endured unwarranted financial hardships and irreparable damage to his professional reputation.

72. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation, which such employment entails. Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff

further claims aggravation, activation, and/or exacerbation of any preexisting condition.

73. As Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands punitive damages against Defendants.

74. The above are just some of the examples of unlawful discriminatory and retaliatory conduct to which Defendants subjected Plaintiff.

75. Plaintiff claims a continuous practice of discrimination and claims a continuing violations and makes all claims herein under the continuing violations doctrine.

## AS A FIRST CAUSE OF ACTION
## FOR DISCRIMINATION UNDER TITLE VII
## (Against Defendant Walmart)

80. Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs of this Complaint.

81. Title VII states in relevant part as follows:

    (a) Employer practices: It shall be an unlawful employment practice for an employer:

    (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin;

82. This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section(s) 2000e et seq., as amended, for relief based upon the unlawful employment practices of the above-named Defendant. Among other discriminatory comments and conduct, Defendant Walmart discriminated against Plaintiff on the basis of Plaintiff's race and religion, creating a hostile work environment. Plaintiff complains of Defendant Walmart's

violations of Title VII's prohibition against discrimination in employment based, in whole or in part, upon an employee's sex, gender, and sexual orientation.

83. Defendant Walmart engaged in unlawful employment practices prohibited by 42 U.S.C. 2000e et seq., by harassing and otherwise discriminating against Plaintiff as set forth herein.

84. Defendant Walmart violated the above and Plaintiff suffered numerous damages as a result.

### AS A SECOND CAUSE OF ACTION
### FOR RETALIATION UNDER TITLE VII
### (Against Defendant Walmart)

85. Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs of this Complaint.

86. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e-3(a) provides that it shall be unlawful employment practice for an employer: "(1) to . . . discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

87. Defendant Walmart engaged in unlawful employment practices prohibited by 42 U.S.C. 2000e seq. by discriminating against Plaintiff with respect to the terms, conditions or privileges of employment because of Plaintiff's opposition to the unlawful employment practices of Defendants.

88. Defendant Walmart violated the above and Plaintiff suffered numerous damages as a result.

## AS A THIRD CAUSE OF ACTION
## FOR DISCRIMINATION UNDER STATE LAW
## (AGAINST ALL DEFENDANTS)

89. Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs of this Complaint.

90. New York State Executive Law § 296 provides that "1. It shall be an unlawful discriminatory practice: (a) For an employer or licensing agency, because of an individual's age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, [Effective January 19, 2016: familial status,] marital status, or domestic violence victim status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

91. Defendants engaged in an unlawful discriminatory practice by discriminating against the Plaintiff because of Plaintiff's race and religion, as well as creating a hostile work environment and wrongfully terminating Plaintiff based on Plaintiff's membership in the aforementioned protected classes.

92. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of New York State Executive Law Section 296.

93. Defendants violated the above and Plaintiff suffered numerous damages as a result.

## AS A FOURTH CAUSE OF ACTION
## FOR RETALIATION UNDER STATE LAW
## (AGAINST ALL DEFENDANTS)

94. Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs of this Complaint.

95. New York State Executive Law §296(7) provides that it shall be an unlawful discriminatory practice: "For any person engaged in any activity to which this section applies to retaliate or discriminate against any person because he has opposed any practices forbidden under this article."

96. Defendants engaged in an unlawful discriminatory practice by retaliating, terminating, and otherwise discriminating against Plaintiff with respect to the terms, conditions or privileges of employment because of Plaintiff's opposition to the unlawful practices of Defendants.

97. Plaintiff makes a claim against Defendants under all of the applicable paragraphs of New York State Executive Law Section 296.

98. Defendants violated the above and Plaintiff suffered numerous damages as a result.

## AS A FIFTH CAUSE OF ACTION
## FOR AIDING AND ABETTING UNDER STATE LAW
## (AGAINST ALL DEFENDANTS)

99. Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs of this Complaint.

100. New York State Executive Law §296(6) further provides that "It shall be an unlawful discriminatory practice for any person to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this article, or to attempt to do so."

101. Defendants engaged in an unlawful discriminatory practice by aiding, abetting, compelling and/or coercing the unlawful, discriminatory, and retaliatory conduct as stated herein.

102. Plaintiff makes a claim against Defendants under all of the applicable paragraphs of New York State Executive Law Section 296.

103. Defendants violated the above and Plaintiff suffered numerous damages as a result.

## AS A SIXTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE
## (AGAINST ALL DEFENDANTS)

104. Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs of this Complaint.

105. The Administrative Code of the Code of City of NY § 8-107 [1] provides that "It shall be an unlawful discriminatory practice: "(a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, disability, marital status, sexual orientation or alienate or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

106. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(1)(a) by creating and maintaining discriminatory working conditions, and otherwise discriminating against the Plaintiff as set forth herein.

107. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of New York City Administrative Code Title 8.

108. Defendants violated the above and Plaintiff suffered numerous damages as a result.

## AS AN SEVENTH CAUSE OF ACTION
## FOR RETALIATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE
## (AGAINST ALL DEFENDANTS)

109. Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs of this Complaint.

110. The New York City Administrative Code Title 8, §8-107(1) (e) provides that it shall be unlawful discriminatory practice: "For an employer . . . to discharge . . . or otherwise discriminate against any person because such person has opposed any practices forbidden under this chapter. . . "

111. Each of the Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Tide 8, §8-107(1) (e) by discriminating against the Plaintiff because of Plaintiff's opposition to the unlawful employment practices of Plaintiff's employer.

112. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of New York State City Administrative Code Title 8.

113. Defendants violated the above and Plaintiff suffered numerous damages as a result.

### AS A EIGHTH CAUSE OF ACTION FOR AIDING AND ABETTING UNDER THE NEW YORK CITY ADMINISTRATIVE CODE (AGAINST ALL DEFENDANTS)

114. Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs of this Complaint.

115. The New York City Administrative Code Title 8, §8-107(6) provides that it shall be unlawful discriminatory practice: "For any person to aid, abet, incite, compel; or coerce the doing of any of the acts forbidden under this chapter, or attempt to do so."

116. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(6) by aiding, abetting, inciting, compelling, and coercing the above discriminatory, unlawful, and retaliatory conduct.

117. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of New York City Administrative Code Title 8.

118. Defendants violated the above and Plaintiff suffered numerous damages as a result.

## AS A NINTH CAUSE OF ACTION
## FOR INTERFERENCE UNDER THE NEW YORK CITY ADMINISTRATIVE CODE
## (AGAINST ALL DEFENDANTS)

119. Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs of this Complaint.

120. New York City Administrative Code Title 8-107(19) Interference with protected rights states, in relevant part: It shall be an unlawful discriminatory practice for any person to coerce, intimidate, threaten or interfere with, or attempt to coerce, intimidate, threaten or interfere with, any person in the exercise or enjoyment of, or on account of his or his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected pursuant to this section.

121. Defendants violated the section cited herein as set forth.

122. Defendants violated the above and Plaintiff suffered numerous damages as a result.

## AS AN TENTH CAUSE OF ACTION FOR SUPERVISOR LIABILITY
## UNDER THE NEW YORK CITY ADMINISTRATIVE CODE
## (AGAINST ALL DEFENDANTS)

123. Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs of this Complaint.

124. New York City Administrative Code Title 8-107(13) entitled Employer liability for discriminatory conduct by employee, agent or independent contractor provides:

> a. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of any provision of this section other than subdivisions one and two of this section.
>
> b. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of subdivision one or two of

this section only where: The employee or agent exercised managerial or supervisory responsibility; or the employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or agent's discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or the employer should have known of the employee's or agents discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct.

125. Defendants violated the above and Plaintiff suffered numerous damages as a result.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in an amount which exceeds the jurisdiction of all lower courts for all damages including but not limited to compensatory damages, punitive damages, statutory damages, lost wages, back pay, front pay, attorney's fees, costs, interest and all other damages as are just and proper to remedy Defendants' unlawful employment practices.

### JURY DEMAND

Plaintiff demands a jury trial on all issues to be tried.

Dated: New York, New York
July 26, 2021

**DEREK SMITH LAW GROUP, PLLC**

By: **/s/ Daniel Altaras**
Daniel J. Altaras, Esq.
One Penn Plaza, Suite 4905
New York, New York 10119
(212) 587-0760